IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| Morris L. Hoover, Jr., <br><br> Plaintiff, <br><br> v. <br><br> SunTrust Bank, Bank of America Corporation, FIA Card Services, N.A., f/k/a, MBNA America Bank, N.A., <br><br> Defendants. | Case No. _____ |

## COMPLAINT

Plaintiff Morris L. Hoover, Jr. ("Hoover" or "Plaintiff"), by and through his undersigned counsel, and in support of his claims against SunTrust Bank ("Suntrust"), Bank of America Corporation ("BOA"), and FIA Card Services, N.A., f/k/a MBNA America Bank, N.A. ("FIA," and collectively, "Defendants"), hereby respectfully avers as follows:

### PARTIES

1. Plaintiff is a resident of the State of Delaware.

2. Suntrust is a Delaware Corporation, whose address for service of process is Corporation Service Company, 2711 Centerville Road, Ste. 400, Wilmington, Delaware 19808.

3. BOA is a Delaware Corporation, whose address for service of process is Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware, 19801.

1

4.     FIA is a Delaware corporation, whose address for service of process is MBNA America Bank, 1100 North King Street, Wilmington, Delaware, 19884.

## JURISDICTION & VENUE

5.     Plaintiff is bringing suit under the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1601 *et seq.*, and the Fair Credit Reporting Act (the "FCRA"), 15 U.S.C. § 1681 *et seq.* Jurisdiction is proper in this Court pursuant to (1) § 813(d) of the FDCPA (15 U.S.C. § 1692k), and (2) § 618 of the FCRA (15 U.S.C. § 1681p). Plaintiff does not waive his right to assert any additional basis for jurisdiction.

6.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391, because Defendants are Delaware artificial entities and are subject to personal jurisdiction within the State of Delaware and this District. Plaintiff does not waive his right to assert any additional basis for venue.

## BACKGROUND

7.     Plaintiff was formerly married to Vicki L. Willis ("Willis"), who prior to their divorce was named Vicki L. Hoover. Plaintiff and Willis were divorced in June, 2004.

8.     Plaintiff previously lived in the State of Tennessee. While living there, Plaintiff obtained a credit card (the "Card") from Suntrust, which was serviced by FIA. At some time between the date the Card's credit account was established and the filing of this Complaint, BOA began servicing of the Card, either itself or in conjunction with FIA.

9.     Plaintiff used the Card on a regular basis, and paid all outstanding bills in a timely fashion.

10. On or about July, 2007, the credit account attributable to the Card expired. Plaintiff permitted the Card to expire and voluntarily chose not to renew it.

11. At some time after that expiration, and also after Plaintiff's divorce from Willis, Willis unilaterally renewed the Card. (Plaintiff uses the term "renew" herein for simplicity. Plaintiff does not know how Defendants may classify the action. Therefore, the term "renew" as used herein shall also mean reopen, reactivate, reissue, or any other term that is equivalent to providing a new credit card to an account holder after the prior credit card expired)

12. On information and belief, Willis did so either (1) electronically, by claiming she was Plaintiff, or (2) via mail, facsimile or other correspondence, by forging Plaintiff's signature.

13. Plaintiff never authorized Willis to take any actions vis-à-vis the Card, nor did Plaintiff ever request or authorized the renewal of the Card or any other credit account relative hereto.

14. Plaintiff was never notified of Willis' actions, nor did any Defendant attempt to determine whether Plaintiff knew of or authorized the Card to be renewed.

15. When Willis unilaterally renewed Card account, she listed her address in Murfreesboro, Tennessee as the account address. From that point forward, invoices, correspondence, and any communications from Defendants was sent to Plaintiff's attention, but to Willis' address. Thus, Plaintiff never knew of Willis' or Defendants' actions.

16. Willis used the Card continuously, running up total debt (in Plaintiff's name) of over $10,000. Willis has made minimal payments on the Card's account, and there is a current balance of approximately $10,000-11,000.

17. Even with the minimal payments, Defendants raised the Card's credit limit in December, 2007. Despite significant charges and minimal payments on the Card, Defendants agreed to increase the Card's credit limit.

18. It is unknown how Willis specifically went about renewing the Card, because none of the Defendants ever (1) spoke to Plaintiff about the proposed action, (2) verified that it was actually Plaintiff requesting renewal of the card, (3) confirmed that the address provided was actually an address at which Plaintiff resided or received mail, or (4) took any other action whatsoever to ensure the propriety of renewing the Card's account.

19. Plaintiff finally learned of the above facts in July, 2008, when he received a notice from BOA that the credit limit on another credit card account in Plaintiff's name was being reduced due to lack of payments on other accounts. Plaintiff immediately began investigating the issue and learned of the above facts.

20. Plaintiff immediately contacted BOA to request review of the bank's determination, and promptly submitted appropriate disputes and/or complaints to BOA in an attempt to rectify the problem. BOA declined to change its position.

21. In November, 2008, Plaintiff received a notice from another credit card company regarding one of Plaintiff's credit accounts. That account was also reduced due to Plaintiff's alleged failure to pay the Card account, and information the creditor found on Plaintiff's credit report regarding the alleged failure.

22. Plaintiff's credit report has suffered due to Defendants' actions, in that Plaintiff's credit score has been reduced, Plaintiff's ability to obtain new credit has been limited, and Plaintiff's ability to obtain the quality of credit he could formerly obtain has been limited. Moreover, Plaintiff is now subjected to routine harassment by Defendants in attempts to collect the amounts claimed as due on the Card's account.

## COUNT 1
## VIOLATION OF § 808 OF THE FDCPA

23. Paragraphs 1-21 are realleged as if fully set forth herein.

24. Section 804 of the FDCPA (15 U.S.C. § 1692b), entitled Unfair Practices, states, in pertinent part:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. [including, but not limited to:]
> ...
>
> (1) The collection of any amount . . . unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

25. Defendants have attempted collect over $10,000 from Plaintiff that Plaintiff does not rightfully owe to any Defendant.

26. On information and belief, Defendants have done nothing to verify that Plaintiff actually owes the amount claimed, other than review their own records, which are inherently faulty since Defendants failed to take appropriate actions when renewing the Card.

27. There is no agreement or law authorizing Defendants to collect the amount claimed from Plaintiff.

28. Defendants have violated § 808 of the FDCPA.

## COUNT 2
## VIOLATIONS OF § 623 OF THE FCRA

29. Paragraphs 1-27 are realleged as if fully set forth herein.

30. Section 623 of the FCRA (15 U.S.C. § 1681s-2), entitled Responsibilities of Furnishers of Information to Consumer Reporting Agencies, states, in pertinent part:

> (a) Duty of furnisher to provide accurate information
>
> (1) Prohibition
>
> (A) *Reporting Information with Actual Knowledge of Errors.* A person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate.
>
> (B) *Reporting Information After Notice and Confirmation of Errors.* A person shall not furnish information relating to a consumer to any consumer reporting agency if
>
> (i) the person has been notified by the consumer . . . that specific information is inaccurate, and
>
> (ii) the information is, in fact, inaccurate.

31. Defendants are furnishers of information to consumer reporting agencies, and as such have furnished information regarding the Card's account and Plaintiff's alleged nonpayment.

32. Defendants have and/or had reasonable cause to believe that the information furnished (i.e., information regarding the amount, nature and lateness of the alleged debt) was and is inaccurate. Specifically, but not by way of limitation, Defendants had reasonable cause to believe such because they took no action whatsoever to confirm that they had renewed the Card properly. Additionally, since Plaintiff has

another credit account with BOA, which account lists Plaintiffs true address, Defendants should have known that there was a problem with the Card's account.

33. Defendants have been notified by Plaintiff that the information they are furnishing to consumer reporting agencies is inaccurate.

34. Said information is, in fact, inaccurate.

35. Defendants have not taken any action to cease their reporting or otherwise amend or change the information reported to any consumer reporting agency.

36. Defendant has violated § 623 of the FCRA.

## COUNT 3
### Negligence

37. Paragraphs 1-35 are realleged as if fully set forth herein.

38. Defendants had duties to protect Plaintiff's private information, not to deal with unauthorized third parties with respect to Plaintiff's private information and finances, to verify that they were actually issuing a credit card to Plaintiff and not an unauthorized third party, properly and reasonably to investigate and confirm that Plaintiff was actually renewing the Card rather than an unauthorized third party, not to issue a credit card in Plaintiff's name to an unauthorized third party without Plaintiff's knowledge.

39. Defendants failed to meet any of their duties, and as such, have breached those duties.

40. Plaintiff has been damaged by Defendants' actions, which damages include but are not limited to those damages set forth in paragraph 21 above (incorporated herein by reference.

41. Defendants' breaches are the proximate cause of Plaintiff's damages.

7

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory Damages, statutory damages of $1,000 per violation, reasonable attorney's fees as authorized by statute, the costs of this action, and other such relief the Court deems appropriate.

                                               **CARUCCI BUTLER, LLC**

31 December 2008

                                               Matthew M. Carucci (DE I.D. 4529)
1216 N. King Street
Wilmington, DE 19801
P: 302.654.5083
F: 302.654.5084
mcarucci@caruccibutler.com

*Attorney for Plaintiff*